IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ROGER SMITH,

        Plaintiff,

v.                                  CIVIL ACTION NO. 1:06CV104
                                          (Judge Keeley)

COMMISSIONER OF
SOCIAL SECURITY,

        Defendant.

**REPORT AND RECOMMENDATION/OPINION**

On June 29, 2006, Roger Smith ["Plaintiff"] filed a Complaint seeking judicial review

pursuant to 42 U.S.C. § 405(g) of an adverse decision by Defendant, the Commissioner of Social

Security ["Defendant"][Docket Entry 1]. The Court referred the matter to the undersigned United

States Magistrate Judge, who on June 27, 2007, issued a Report and Recommendation

recommending that Plaintiff's Motion for Summary Judgment be GRANTED by reversing the

Commissioner's decision under sentence four of 42 U.S.C. §§ 405(g)( and 1383(c)(3), with a remand

of the cause to the Commissioner for further proceedings [Docket Entry 14]. No objections were

filed by either party to the Report and Recommendation. On July 11, 2007, the District Court filed

its "Order Adopting Magistrate Judge's Report and Recommendation" [Docket Entry 15].

On August 2, 2007, Plaintiff filed a "Petition for Award of Fees and Costs Pursuant to the

Equal Access to Justice Act, Social Security Act, Judicial Procedures Act, and F.R.Civ.P. 54(d)"

seeking attorney's fees in the amount of $1923.75, representing 11.9 hours of work by Plaintiff's

counsel, Carter Zerbe [Docket Entry 16]. The time for filing a response or opposition to the Petition

has passed, and no such response or opposition has been filed.

Pursuant to the EAJA, a plaintiff's attorney is entitled to a fee award if: (1) the claimant is

the prevailing party; (2) the government's position was not "substantially justified;" (3) no special

circumstances make an award unjust; and (4) the claimant timely filed his petition and an itemized

statement within thirty days of the final judgment. 28 U.S.C. § 2412; Crawford v. Sullivan, 935 F.2d

655, 656 (4ᵗʰ Cir. 1991).

In Hyatt v. Barnhart, 315 F.3d 239 (4ᵗʰ Cir. 2002), the Fourth Circuit explained the phrase

"substantially justified" as follows:

> Under § 2412(d)(1)(A) of the EAJA, the court shall award to a prevailing party other
> than the United States fees and other expenses . . . incurred by that party in any civil
> action (other than cases sounding in tort) . . . brought by or against the United States
> in any court having jurisdiction of that action, *unless the court finds that the position
> of the United States was substantially justified* or that special circumstances make an
> award unjust.  *Id.* (emphasis added). The award of attorneys' fees to a prevailing
> party, therefore, "is mandatory *unless* the government can demonstrate that its
> position was 'substantially justified,' " *EEOC v. Clay Printing Co.,* 13 F.3d 813, 815
> (4th Cir.1994), or that special circumstances make an award unjust.  " 'Substantially
> justified' means 'justified to a degree that could satisfy a reasonable person' or
> having a 'reasonable basis both in law and fact.' " *Id.* (quoting *Pierce v. Underwood,*
> 487 U.S. 552, 565, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988)). "Whether or not the
> position of the United States was substantially justified shall be determined on the
> basis of the record (including the record with respect to the action or failure to act by
> the agency upon which the civil action is based) which is made in the civil action for
> which fees and other expenses are sought." 28 U.S.C.A. § 2412(d)(1)(B). And, in
> determining "whether the government acted reasonably  in causing the litigation or
> in taking a stance during the litigation," we must consider the "totality of the
> circumstances." *Roanoke River Basin Ass'n. v. Hudson,* 991 F.2d 132, 139 (4th
> Cir.1993). We review the district court's determination that the SSA's position was
> not "substantially justified" for an abuse of discretion. *See Pierce,* 487 U.S. at 562-
> 63, 108 S.Ct. 2541.

*Id.* at 244-245.

Although Defendant failed to respond or object to the Petition, the Fourth Circuit has found that such a failure does not "compel the conclusion that the Secretary did not meet his burden of proof under the Act." Campbell v. Bowen, 800 F.2d 1247 (4th cir. 1986). Further:

> The statute requires that a denial of fees be based on the district court's finding that the government's position was substantially justified. While the burden of showing substantial justification is on the government, a district court may find, as it did in this case, that the record before it demonstrates that substantial justification exists for a litigation position. In such a case, a formal government response to the petition for fees, though desirable, is not a pre-condition of an order denying an award of fees under the Act.

In his original motion filed in the case at bar, Plaintiff argued that the ALJ erred by improperly concluding his headaches were under control and were not a medically determinable impairment. Defendant argued that the ALJ properly found Plaintiff's headaches not to be a medically determinable severe impairment. In fact, the ALJ had found Plaintiff's headaches were "not determinable." The undersigned in the Report and Recommendation noted that Plaintiff consistently complained of headaches from early in March 1999, through the date of the hearing in August 2005. He was diagnosed with headaches by his treating physicians. Although the causes were at times opined to be sinus problems or cervical spine problems, there was no indication that Plaintiff did not have the headaches. Finally, in February 2005, Plaintiff's physician referred him for an MRI for his complaints of headache and dizziness. The MRI indicated the presence of an arachnoid cyst.

Although the undersigned did not expressly find that the arachnoid cyst was the cause of Plaintiff's headaches, or even that Plaintiff had severe headaches, the undersigned did find that the ALJ's reliance on the State Agency non-treating examiners was misplaced because none of them had had the evidence of Plaintiff's 2005 MRI when they submitted their opinions. The undersigned noted that the most recent State Agency examination was six months before the MRI. Significantly,

the State Agency examining physician did, in fact, diagnose Plaintiff with headaches.  The undersigned Magistrate Judge therefore found substantial evidence could not support the ALJ's determination that Plaintiff's headaches were not a medically determinable impairment. The District Court agreed.

The Commissioner has the burden of proving his position was substantially justified in law and fact.  The undersigned finds the Commissioner has not met that burden under the facts of this case.

The undersigned further finds it is undisputable that Plaintiff is a "prevailing party"  and there is no indication  that "special circumstances make an award unjust."

The sole remaining issue is therefore whether the Petition was timely filed.  28 U.S.C. §§ 2412(d)(1)(B) provides, in pertinent part:

> (B) A party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection, and the amount sought, including an itemized statement from any attorney or expert witness . . . .

"Final judgment" is further defined in 28 U.S.C. 2412(d)(2)(G) as "a judgment that is final and not appealable . . . ."  Pursuant to F.R.A.P 4(a), in civil cases where the United States or its officer or agency is a party, the time for appeals does not expire until 60 days after the judgment is entered.  Here there is no dispute that the District Court entered judgment in the underlying matter on July 11, 2007.  The judgment therefore became final on September 10, 2007, 60 days after the Court's July 11, 2007 Order.   Plaintiff filed his Petition on August 2, 2007, before the date the judgment became final.  The Petition was therefore premature at the time it was filed.  Since the

4

filing of the Petition, however, the judgment has become final. No appeal has been filed. The

undersigned therefore construes the Petition as if it had been timely filed-- that is, within thirty days

of the "final judgment on the action." 28 U.S.C. § 2412(d)(1)(B). Although the undersigned could

not find a Fourth Circuit case on point, there is support in other courts for this interpretation of the

statute. In <u>Brewer v. American Battle Monuments Commission</u>, (C.A.Fed., 1987), for example, the

court stated as follows:

> Petitioner filed this fee application <u>within thirty days after this court's judgment</u>. We
> held this filing premature, as discussed *supra*. Petitioner subsequently requested
> reconsideration of our holding, by which procedure this fee application is before us.
>
> The statute states that the application for attorney fees and expenses shall be filed
> "within thirty days of final judgment in the action." . . . .
>
> Congress discussed in connection with the 1985 reenactment of the EAJA that a
> premature petition would be "treated as if" it were later filed: Fee petitions may be
> filed before a "final judgment." If the court determines that an award of interim fees
> is inappropriate the petition should be treated as if it were filed during the thirty-day
> period following the final decision.

(Emphasis added).

In another decision, <u>Onstad v. Brown</u>, 9 Vet. App. 189 (Vet.App.1996), the court noted its

decision would not become final for another thirty days. The Appellant, had, however, filed his

EAJA application years earlier. The court held:

> Thus, because the appellant's August 20, 1992, EAJA application was "not untimely
> even though premature because the appeal period had not run," . . . . the appellant's
> EAJA application will be deemed to be filed at the expiration of the thirty-day
> period. . . . Therefore, the court holds that the appellant has submitted a timely EAJA
> application and that this Court has jurisdiction to entertain the matter. . . . .

The undersigned therefore finds Plaintiff's Petition for Award of Attorney Fees has been timely filed. The award of attorneys' fees is therefore mandatory. EEOC v. Clay Printing Co., 13 F.3d 813, 815 (4th Cir.1994).

Attorney fees and expenses under the EAJA must be reasonable. See U.S.C. §§ 2412(d)(2)(A). Counsel has an ethical duty to make a good faith effort to exclude "excessive, redundant, or otherwise unnecessary" hours from the fee petition. Hensley v. Eckerhart, 461 U.S. 424, 434 (1983). The district court has discretion to determine a reasonable fee award. *See* 28 U.S.C. § 2412(b); Pierce v. Underwood, 487 U.S. 552 (1988) (cited in May v. Sullivan, 936 F.2d 177 (4th Cir. 1991).

Counsel for Plaintiff attached the Consumer Price Index for the relevant year to his application for fees, and contends his hourly rate should be $161.66. The decision to award a cost of living adjustment is within the discretion of the Court. The Fourth Circuit has conceded that "upward adjustments are frequently given," but denied that fact translated into a requirement that they be given. May v. Sullivan, 936 F.2d 176 (4th Cir. 1991). The undersigned concludes that a cost of living adjustment is appropriate and not unreasonable in this case.

Having reviewed numerous EAJA fee petitions, the undersigned United States Magistrate Judge finds Plaintiff's counsel's fees of $1923.75 for 11.9 hours of work is reasonable, and recommends Plaintiff's counsel be compensated in that amount.

## RECOMMENDATION

For all the above reasons, the undersigned respectfully recommends Plaintiff's counsel be compensated in the amount of $1923.75.

Any party may, within ten (10) days after being served with a copy of this Report and Recommendation file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such proposed Report and Recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk of the Court is directed to send an authenticated copy of this Report and Recommendation to counsel of record.

Respectfully submitted this 19th day of September, 2007.

/s *John S. Kaull*

JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE